UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

NIKOLAI KUROPATKIN,

           Plaintiff,

     v.

TRT INTERNATIONAL LTD. et al.,

           Defendants.

Civil Action No. 09-5512 (PGS)

**REPORT AND RECOMMENDATION**

May 21, 2010

**SALAS, United States Magistrate Judge**

    Before this Court is Plaintiff Nikolai Kuropatkin's ("Plaintiff") Motion to Remand. (Docket Entry No. 7.) Pursuant to the Local Civil Rules, the Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the Undersigned for report and recommendation. For the reasons set forth below, the Undersigned recommends granting the motion to remand.

**I. FACTUAL BACKGROUND**

    On September 28, 2009, Plaintiff filed a four count complaint in the Superior Court of New Jersey against the TRT International, Ltd. and FedEx Corporation (collectively the "Defendants"). (Docket Entry No. 1, "Pl.'s Compl.") The complaint contains two counts for breach of contract; one count for negligence; and one count for negligent infliction of emotional distress. (Pl.'s Compl. ¶¶ 6-34.) Plaintiff alleges that on December 2, 2009, he entered into an agreement with Defendant TRT whereby Plaintiff paid TRT to ship two automobiles, a tow and a large quantity of personal effects

from the United States to the Krasnodar region of Russia. (*Id.* at ¶ 7.) TRT advised Plaintiff that in order for his cargo to pass through customs in both the United States and Russia, he needed to provide the original title to the automobiles. (*Id.* at ¶ 8.) As such, Plaintiff provided the original title to TRT, who would then ship the documents to the cargo's destination in Russia. (*Id.* at ¶ 10.) Plaintiff paid TRT a sum of $85 for this extra service. (*Id.*) Defendant TRT utilized Defendant FedEx to send the titles to Russia. (*Id.* at ¶ 11.) Subsequently, FedEx realized that it does not have a branch in the Krasnodar region and therefore would have to use a courier service to get the titles from FedEx's branch in Moscow to Plaintiff's cargo's destination in the Krasnodar region. (*Id.* at ¶ 23.) FedEx contacted TRT and advised TRT that it required an additional payment of $45 for the courier service from Moscow to Krasnodar. (*Id.* at ¶ 24.) TRT failed to pay the $45 to FedEx for the courier service because it was unable to contact Plaintiff to obtain clearance to do so. (*Id.* at ¶ 25.) Thereafter, FedEx destroyed the package containing the original title documents. (*Id.* at ¶ 27.)

On September 28, 2009, Plaintiff filed a complaint against Defendants TRS and FedEx in New Jersey Superior Court alleging several counts related to the aforementioned events. (Pl.'s Compl at 1.) On October 29, 2009, Defendant FedEx removed the action to federal court pursuant to 28 U.S.C. 1441(b) on the basis of federal question jurisdiction. (Docket Entry No. 1, Def.'s Notice of Removal at 1.) Defendant alleges that the Convention for the Unification of Certain Rules for International Carriage by Air signed in Warsaw in 1929, as amended at the Hague, 1955, codified at 49 U.S.C. § 40105 (the "Warsaw Convention") applies to the case at hand. Subsequently, Plaintiff filed the instant motion to remand the case to state court. (Docket Entry No. 7.)

## II. DISCUSSION

A.  **Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States..."  28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).  Stated differently, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance.  Thus, actions that could have been brought in federal court on diversity of citizenship grounds (pursuant to 28 U.S.C. § 1332) and those that raise federal questions (pursuant to 28 U.S.C. § 1331) are "removable." *Id.*

To effectuate removal, the defendant must, amongst other things, file a notice of removal and "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Thereafter, a party can move to remand the action to state court.  The party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the Court.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand.  *Id.*; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Defendant argues that there is federal question jurisdiction because the Warsaw Convention applies to the particular facts of this case.  The Warsaw Convention applies to "international transportation of persons, baggage, or goods performed by aircraft for hire." Warsaw Convention,

3

Art. 1(1). *See also Levy v. United Parcel Service,* No. 06-5738, 2008 U.S. Dist. LEXIS 11543, at *4 (D.N.J. February 14, 2008)(*citing Air France v. Saks*, 470 U.S. 392, 406 (1985) (stating that the Warsaw Convention remains the supreme law of the land)); *Onyeanusi v. Pan Am*, 952 F.2d 788, 790 (3d Cir. 1992). It is well-settled that where the contract of the parties provides for international carriage between designated termini, the provisions of the Warsaw Convention govern the carriage. *Butz v. British Airways*, 421 F. Supp. 127 (E.D. Pa.1976), *aff'd* 566 F.2d 1168 (3d Cir. 1977). Where the Warsaw Convention applies, its limitations and theories of liability are exclusive. *Abramson v. Japan Airlines Co., Ltd.*, 739 F.2d 130, 134 (3d Cir. 1984).

The Warsaw Convention specifically states that "although the period of carriage by air [does] not extend to any carriage by land, by sea or by river, performed outside an airport," if "such carriage takes place in the performance of a contract for carriage by air, for the purpose of loading, delivery or transshipment, [then] any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air." Warsaw Convention, Art. 18(5). The air waybill is the contract of carriage which is binding upon all who sue a carrier for matters relating to the shipment upon which it was issued. *Levy,* 2008 U.S. Dist. LEXIS 11543, at *5 (*citing Ataei v. M/V barber Tonsberg*, 639 F. Supp. 993, 1003 (S.D.N.Y. 1986)). To show that the Warsaw Convention applies, FedEx must show: (1) that the goods at issue were shipped via international transportation by aircraft; (2) that, at the time the goods were shipped, the country of destination and the country from which the goods were shipped were signatories to the Warsaw Convention; and (3) that the damage to the goods in question occurred during carriage by air. *Levy,* 2008 U.S. Dist. LEXIS 11543, at *5-6.

**B.	Analysis**

Here, Plaintiff shipped his two automobiles, a tow and assorted personal effects from the United States to Russia via ocean carriage. Plaintiff shipped the titles to the automobiles to the destination point in Russia via carriage by air through Federal Express. Though Plaintiff alleges losses related to the cars and personal effects, the primary loss which Plaintiff alleges his damages arise from is the destruction of the titles, which were shipped via international transport. As such, the first prong of the *Levy* analysis is met. It is undisputed that the second prong is also met, as both the United States and Russia are signatories to the Warsaw Convention. Therefore, the issue of federal jurisdiction in this case will turn on whether the damage to the goods in question occurred during carriage by air.

Defendant argues that pursuant to the holding by the Court in *Levy*, "when a contract for transportation includes door-to-door transportation under a single air waybill and the goods remain in the carrier's actual or constructive possession, courts hold that the presumptive period for carriage by air is extended until the time of delivery. *Levy, id.*" [sic] (Def.'s Opp. 4.) Plaintiff argues that the Court in *Levy* held that "...any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air." (Docket Entry No. 18, "Pl.'s Reply" ¶ 24.) Plaintiff argues that in this case, Defendant acknowledges that the damage (*i.e.* the destruction of the titles) took place on the ground, at FedEx's facility in Moscow. (*See* Docket Entry No. 12, "Def.'s Opp." at 4.) Therefore, according to Plaintiff, Plaintiff has effectively rebutted the presumption that the damage occurred during the carriage by air. (Pl.'s Reply ¶ 27.)

Pursuant to Article 18 of the Warsaw Convention, damage to a package carried by air is

presumed, *subject to proof to the contrary*, to have been the result of an event which took place during the carriage by air. [emphasis added]. In this case, the Court finds that Plaintiff has effectively rebutted the presumption that the damage to the titles took place during the carriage by air. According to FedEx's database, on December 13, 2008, the package was released by commercial customs. (Def.'s Opp., Exhibit 2. ) On December 26, 2008, the package was "destroyed at Customers Request" (*Id.*) Therefore, it is clear that the package arrived in Russia intact and was subsequently destroyed at FedEx's facility in Moscow. Defendant does not dispute this fact.

Rather, Defendant relies on the holdings from *Levy* and a S.D.N.Y. District Court case as support for the proposition that the single air waybill extends the presumptive period of carriage by air until the time of delivery. *See Jaycees Patov, Inc. v. Pier Air Int'l, Ltd.*, 714 F.Supp. 81 (S.D.N.Y. 1989). However, the presumptive liability period is merely *extended* if the goods are traveling via ground transportation after the carriage by air. It is still possible for Plaintiff to rebut the presumption that the goods were damaged during the carriage by air. Simply because the presumptive liability period is extended, the ability of a party to rebut that presumption is not rendered moot. The Court in *Levy* makes that clear when it stated that "[s]ince the plaintiff has failed to point to sufficient evidence from which a reasonable fact finder could rebut the presumption of the timing of the loss." *Levy,* 2008 U.S. Dist. LEXIS 11543, at \*5-6. Here, Plaintiff has pointed to sufficient evidence that the titles were destroyed on the ground in Defendant FedEx's Moscow facility. Specifically, according to FedEx's own records, the package arrived at the Moscow facility on December 17, 2008 and remained there until December 26, 2008, when it was destroyed. The fact that the package remained at the Moscow facility intact for nine days after arrival further

supports the Court's finding that the goods in question were not damaged during the period of carriage by air. Therefore, the Court finds that the Warsaw Convention does not apply to the facts at hand and the Court does not have federal question jurisdiction pursuant to 28 U.S.C. §1331.

### III. CONCLUSION

For the reasons set forth above, the Undersigned recommends that the District Court **GRANT** Plaintiff's motion to remand. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

        s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**